SUMMARY ORDER

Petitioner Long Chun You, a native and citizen of the People’s Republic of China, seeks review of a November 29, 2007 order of the BIA denying his motion to reopen his deportation proceedings. In re Long Chun You, No. A029 785 944 (B.I.A. Nov. 29, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the agency’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA’s decision “provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or eonclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.” Kaur, 413 F.3d at 233-34 (quoting Ke Zhen Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 93 (2d Cir .2001)).
You’s motion to reopen, which was filed more than five years after his 2001 final order of deportation, was properly denied as untimely. See 8 C.F.R. § 1003.2(c)(2). In some circumstances the time limitation may be equitably tolled to accommodate claims of ineffective assistance of counsel, provided that the movant has substantially *734 complied with the requirements set forth in Matter of Lozada and exercised “due diligence.” See Cekic v. INS, 435 F.3d 167, 170 (2d Cir.2006). You argues that he was only required to demonstrate that his diligence between the time that he discovered his former counsel’s ineffective assistance and the filing of his motion. However, as we held in Rashid v. Mukasey, 533 F.3d 127, 132 (2d Cir.2008), “an alien must demonstrate that he or she has exercised due diligence during the entire period he or she seeks to toll,” which “includes both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed.” You has failed to demonstrate what steps he took between his deportation order in 2001 and “late 2006 and early 2007,” when he filed his FOIA request. Accordingly, the BIA did not abuse its discretion in finding that You failed to exercise due diligence in pursuing his case.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).